UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leon Henry Carter-Bey, III, | Case No. 21-CV-1406 (PAM/ECW) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Herbert P. Lefler, in his official capacity as Judge of the Hennepin County district court; and Paul Schnell, in his official capacity as Commissioner of the Minnesota Department of Corrections, | |
| Defendants. | |

This Court previously denied the application to proceed *in forma pauperis* ("IFP") of plaintiff Leon Henry Carter-Bey, III, on the grounds that Carter-Bey was ineligible for IFP status due to accumulating three "strikes" under 28 U.S.C. § 1915(g). (*See* Dkt. 3.) Carter-Bey was ordered to pay the filing fee for this matter if he intended to prosecute this action and was warned that his pleading would be subject to review under 28 U.S.C. § 1915A if he elected to proceed by paying the filing fee. (*Id.*)

Carter-Bey has since submitted both the required $402.00 filing fee (Dkt. 5) and an amended complaint (Dkt. 4), which has become the operative pleading in this matter. *See* Fed. R. Civ. P. 15(a)(1). That amended complaint is now before the Court under § 1915A, which provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Carter-Bey — who is in prison following a conviction in state court for second-degree murder, *see State v. Carter*, No. C9-69-51, 1996 WL 495027 (Minn. Ct. App. Sept. 3, 1996) — alleges that he is being wrongfully detained. The "legal person" prosecuted in that criminal matter, alleges Carter-Bey, was not him, but instead "LEON HENRY CARTER." (Dkt. 4 ¶ 22.) Carter-Bey further alleges that he not the same legal person as CARTER, but merely the beneficiary of CARTER. According to the amended complaint, it was CARTER, not Carter-Bey, who was tried and found guilty of second-degree murder, rendering Carter-Bey's ongoing detention unlawful. Carter-Bey therefore requests that the conviction be voided and that all collateral consequences of the conviction be vacated or reversed.

These claims are barred by the doctrine set forth in *Heck v. Humphrey*:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

2

> executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (footnote omitted). Although *Heck* discusses only claims for monetary damages, "claims for injunctive relief that would necessarily imply the invalidity of a conviction or sentence likewise cannot be raised in a § 1983 action until after the criminal judgment has been expunged, vacated, or otherwise called into question." *Hollie v. Roy*, No. 17-CV-1434 (PJS/SER), 2017 WL 2841230, at *3 (D. Minn. May 30, 2017) (citing *Skinner v. Switzer*, 562 U.S. 521, 533 (2011)). Put another way, a plaintiff cannot maintain a civil action that, if successful, would necessarily cast doubt on the validity of a facially valid detention.

Carter-Bey would no doubt object to the characterization of the detention as facially valid; according to him, it was CARTER who was convicted and that any consequences to any legal person other than CARTER are therefore unlawful. But *Heck* applies not only to claims brought by a prisoner attacking his own conviction but also to derivative claims that necessarily attack the validity of someone else's facially valid conviction. *See, e.g.*, *Ehlers v. United States Navy*, No. 16-CV-0030 (DWF/TNL), 2016 WL 1592478, at *3 (D. Minn. Mar. 14, 2016) ("The exact same logic compelling dismissal of Edwin's *Heck*-barred claims will apply to Angela's derivative loss-of-consortium claim; Angela cannot succeed on that claim because it necessarily implies the invalidity of Edwin's conviction."). Not until that conviction has been otherwise

invalidated, such as through a petition for a writ of habeas corpus,[1] may a claim predicated upon the illegality of the conviction be raised in civil litigation.

Leaving aside *Heck*, there is an additional reason this matter should be dismissed: it is frivolous. The contention that CARTER and Carter-Bey represent different legal entities is the kind of "fanciful factual allegation" that is not entitled to an assumption of truth. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts regularly reject arguments predicated on similar allegations, *see United States v. Reed*, No. 4:12-CR-373 AGF (DDN), 2013 WL 11762139, at *4 (E.D. Mo. May 2, 2013) (collecting cases), and Carter-Bey offers nothing in his pleading to suggest that his claims predicated upon the theory that he and CARTER are different entities are any less frivolous than the many claims that have been brought in federal courts on similar grounds and summarily dismissed, *see, e.g.*, *Schwagerl v. F. Nat'l Mortg. Ass'n*, No. 11-cv-3578 (DWF/JJK), 2012 WL 2060636, at *4 (D. Minn. Apr. 11, 2012) (finding argument "that the capitalized versions of [plaintiffs'] names are separate legal entities from themselves" to be without merit).

For these reasons, it is recommended that this matter be dismissed without prejudice pursuant to § 1915A.

---

[1]   Carter-Bey (or perhaps CARTER) previously filed a petition for a writ of habeas corpus challenging the conviction at issue; that petition was denied with prejudice and on the merits. *See Carter v. Adair*, No. 6:96-CV-0372 (JMR/FLN). The United States Court of Appeals for the Eighth Circuit must authorize any subsequent petition for a writ of habeas corpus attacking that conviction. *See* 28 U.S.C. § 2244(b)(3).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

Dated: July 20, 2021
            *s/Elizabeth Cowan Wright*
            ELIZABETH COWAN WRIGHT
            United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).