UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leon Henry Carter-Bey, III,　　　　　　　　　　　Civ. No. 21-1406 (PAM/ECW)

　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Herbert P. Lefler, and
Paul Schnell,

　　　　　　　Defendants.

　　This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright dated July 20, 2021. (Docket No. 6.) The R&R recommends that Plaintiff Leon Henry Carter-Bey's Amended Complaint be dismissed without prejudice under 28 U.S.C. § 1915A because it fails to state a claim for relief and is frivolous.

　　This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). Carter-Bey filed both an objection to the R&R (Docket No. 7) and a "Notice" that he was withdrawing his claims under 42 U.S.C. § 1983 and any claims for injunctive relief under 28 U.S.C. §§ 2201-02. (Docket No. 9.) After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R (Docket No. 6) and dismisses the Amended Complaint without prejudice.

　　As an initial matter, the Amended Complaint contains only three claims for relief: mistake, fraud, and a claim under § 1983 that seeks injunctive relief under 28 U.S.C.

§§ 2201 and 2202. (See Docket No. 4 ¶¶ 42-54 ("Count: 1 (Mistake)"); ¶¶ 55-79 ("Count: 2 42 U.S.C. § 1983; 28 U.S.C. §§ 2201 and 2202"); ¶¶ 80-93 ("Count: 3 (Fraud)").) Carter-Bey has decided to abandon his § 1983 claim, leaving only his claims for fraud and mistake. But these claims, like his claim under § 1983, do not state cognizable claims for relief and must be dismissed.

As the R&R explained, all of Carter-Bey's claims seek to overturn his still-valid state criminal conviction, and thus are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (R&R at 2-4.) But even if he could circumvent the rule in Heck, there is a more fundamental reason why his claims fail: they are utterly without merit. Courts have repeatedly rejected Carter-Bey's claim that he is a "Moorish American" and is not a citizen of any state or of the United States (Am. Compl. ¶ 47). See United States v. Toader, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting as frivolous contention that criminal laws did not apply to defendant because he was a "Native Asiatic Moorish National Citizen"). Carter-Bey's arguments are those of the so-called "sovereign citizen" movement; these individuals "believe they are exempt from the jurisdiction of the courts." State v. Bey, No. 4:21cv166, 2021 WL 493463, at *2 (E.D. Mo. Feb. 9, 2021). But sovereign-citizen arguments "have been summarily rejected as frivolous by federal courts around the nation." Id. (citing cases). The same result must obtain here.

Carter-Bey's argument that he is only the beneficiary of "LEON HENRY CARTER" and not that individual (e.g., Am. Comp. ¶ 53) is frivolous whether or not Carter-Bey disavows any significance to the capitalization of his name. (Obj. at 3.) This quasi-contract-based view of citizenship for purposes of the criminal laws is without merit.

2

Contract laws do not apply here. There is no significance in the criminal law to Carter-Bey's claimed "beneficiary" status. Moreover, he admits that he was born in Chicago and lives in Minneapolis. (Am. Compl. ¶¶ 15, 17.) He is, as such, a citizen of the United States and of Minnesota, and is subject to the jurisdiction of the state courts. See Khattab El v. U.S. Justice Dep't, No. 86cv6863, 1988 WL 5117, at *2 (E.D. Pa. Jan. 22, 1988) (noting that all persons, citizens or not, are subject to the criminal laws of states and the federal government).

Finally, his contention that he was convicted in state court without a formal "Accusation" that state law ostensibly requires (Obj. at 4) is just the sort of challenge to a state conviction that is barred by Heck. Carter-Bey can bring a federal challenge to a state conviction seeking damages or injunctive relief only if that conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Carter-Bey's conviction remains valid, and his challenge to that conviction, whether based in law or equity, fails.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 6) is **ADOPTED**; and
2. The Amended Complaint (Docket No. 4) is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Tuesday, August 2021

s/ *Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge